IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RON SCHILLING,

                Petitioner,

    v.                                                 OPINION and ORDER

JON NOBLE,                                       24-cv-728-wmc

                Respondent.

---

Petitioner Ron Schilling has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, and he has paid the $5 filing fee. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. Here, petitioner seeks to challenge decisions by the Wisconsin Parole Commission to deny him parole over the past 50 years under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. However, the court must dismiss this action because it clear from the petition and available state court records for the underlying conviction in Dane County Circuit Court Case No. 1975CF1 that petitioner has failed to exhaust any of his state court remedies before filing suit.

OPINION

A petitioner challenging a state court conviction or sentence must raise his constitutional claims in state court before seeking federal habeas relief. 28 U.S.C.

§ 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (state prisoner must present claims to state court before seeking federal habeas review). While petitioner recently filed and was denied a motion for sentence modification, *see State v. Schilling*, 2023 WI App 50, ¶ 1, 996 N.W.2d 408, *review denied*, 2024 WI 12, ¶ 1, 6 N.W.3d 879, he has not sought to challenge the parole commission's decisions by filing a state court action for a writ of certiorari. *See, Richards v. Graham*, 2011 WI App 100, ¶5, 336 Wis. 2d 175, 801 N.W.2d 821 (judicial review of parole commission decision by writ of certiorari). In fact, in denying his motion for sentence modification, the state court of appeals expressly noted that petitioner is not "without any means to obtain judicial review of any alleged irregularities relating to the parole review process or his security classification," and explained that "judicial review would likely be by petition for a writ of certiorari, and [petitioner] would need to satisfy applicable procedural requirements, including any requirement relating to exhaustion of administrative remedies." *Schilling*, 2023 WI App 50, at n.5 (citing *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549-50, 185 N.W.2d 306 (1971); Richards, 2011 WI App 100, at ¶5; *State ex rel. Richards v. Traut*, 145 Wis. 2d 677, 678-81, 429 N.W.2d 81 (Ct. App. 1988) (review of denial of request for change in security classification by writ of certiorari)). Because petitioner has failed to exhaust this state court remedy and appeal any adverse decision through all available levels in state court, his petition will be dismissed without prejudice to give him the opportunity to return to federal court after he fully exhausts his claims.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A

certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For the reasons already stated, the petition is being dismissed because petitioner failed to exhaust his state court remedies. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that petitioner Ron Schilling's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (dkt. #7) is DISMISSED without prejudice, and that a certificate of appealability is DENIED.

Entered this 22nd day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge